COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Kelsey and Beales
Argued at Chesapeake, Virginia

JACQUES PAUL VILLAFANA

                                                                OPINION BY
v.        Record No. 2258-05-1                      JUDGE D. ARTHUR KELSEY
                                                                DECEMBER 28, 2006
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                                H. Thomas Padrick, Jr., Judge

                        Afshin Farashahi (Afshin Farashahi, P.C., on brief), for
                        appellant.

                        Susan M. Harris, Assistant Attorney General (Robert F.
                        McDonnell, Attorney General, on brief), for appellee.


        A jury found Jacques Paul Villafana guilty of malicious wounding, armed burglary, and

two firearm charges.  On appeal, he claims the trial court erroneously refused a jury instruction

addressing the voluntariness of his pretrial confession.  Finding no error, we affirm.

        The evidence at trial established that Villafana participated in a failed attempt to steal

drugs which ended in gunfire, leaving two men dead and another wounded.  After being taken

into custody, Villafana waived his Miranda rights and gave a videotaped confession.  Prior to

trial, Villafana filed a motion to suppress the confession claiming he did not voluntarily waive

his right to counsel.  The trial court found Villafana's testimony not credible and denied the

motion to suppress.

        At trial, Villafana told the jury he confessed to the crimes but did not commit them.  He

was emotionally "traumatized" by the incident, he said, because he witnessed both his brother

and his friend get shot.  Villafana also testified he was tired because the interrogation took place

during the early-morning hours immediately after the late-night incident.  These tumultuous

circumstances, Villafana explained, caused him to give a false confession.

At the close of the evidence, Villafana's counsel submitted a proposed jury instruction to the trial court addressing the voluntariness of his confession. The proposed instruction stated:

> The Court instructs the jury that if you believe from the evidence that a confession was made by the defendant, but that such confession was obtained by undue influence or other factors on the part of the officers, or that the confession was made under the influence of hope or fear held out by the officers, or that the confession was not freely and voluntarily made, then you shall disregard and reject such confession and give it no weight whatsoever.

The trial court refused the instruction but permitted Villafana's counsel to assert during closing arguments that the jury should discount the probative weight of Villafana's confession given the circumstances surrounding it.

On appeal, Villafana argues the trial court erred in refusing his proposed instruction. We disagree. The instruction directed the jurors to "disregard" the confession and "give it no weight whatsoever" if they found certain facts about the circumstances of the interrogation. This directive confuses the proper roles of judge and jury. "Virginia follows the Wigmore or orthodox rule." Wooden v. Commonwealth, 208 Va. 629, 631 n.3, 159 S.E.2d 623, 625 n.3 (1968). Under this rule, the trial judge "hears testimony offered by the prosecution and the defendant, out of the presence of the jury, and then rules the confession voluntary or involuntary. If he rules the confession voluntary, it is admitted into evidence and the jury considers voluntariness only insofar as it affects the weight or credibility of the confession." Id.; see also Tipton v. Commonwealth, 224 Va. 256, 261-62, 295 S.E.2d 880, 883 (1982); Wilson v. Commonwealth, 220 Va. 26, 32, 255 S.E.2d 464, 468 (1979); Mathews v. Commonwealth, 207 Va. 915, 918-19, 153 S.E.2d 238, 240 (1967); Noe v. Commonwealth, 207 Va. 849, 852-53, 153 S.E.2d 248, 250-51 (1967).

Villafana's proposed instruction misstated the law by recasting the jury's factfinding discretion as an all-or-nothing option — one analytically no different from the admissibility

decision assigned solely to the trial judge. "The refused instruction would have, in effect, told the jury that it was to determine the issue of the admissibility of the confession and, if it believed that the confession was not voluntary, to reject it as evidence." McCoy v. Commonwealth, 206 Va. 470, 475, 144 S.E.2d 303, 308 (1965). By doing so, the proposed instruction disordered the factfinding task of the jury which — when properly exercised — focuses on "voluntariness *only insofar* as it affects the weight or credibility of the confession." Mathews, 207 Va. at 918-19, 153 S.E.2d at 240 (emphasis added); see also Wooden, 208 Va. at 631 n.3, 159 S.E.2d at 625 n.3.

For these reasons, the trial court did not err in refusing Villafana's proposed instruction.[1] We affirm his convictions.

Affirmed.

---

[1] Given our holding, we need not address the Commonwealth's argument that, even if the proposed instruction accurately stated the law, Villafana's testimony about his weakened emotional state fell short of providing a *prima facie* factual basis for the jury to conclude that his confession was not freely and voluntarily made. See generally Juniper v. Commonwealth, 271 Va. 362, 418, 626 S.E.2d 383, 419 (2006) ("An instruction must be supported by more than a scintilla of evidence." (citation omitted)).